## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMES E. MILLER, Inmate #S03495,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 07-154-DRH** |
| | ) | |
| **MADISON COUNTY JAIL, ROBERT** | ) | |
| **HERTZ, and JOE GULASH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Madison County Jail, brings this action for deprivations of his

constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a

preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent

part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such
> > relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

**FACTUAL ALLEGATIONS**

Plaintiff states that during the two-year period he was detained in the Madison County Jail, he was kept on "suicide watch" the entire time, on the orders of Defendants Gulash and Hertz, despite repeated recommendations from medical staff that Plaintiff be moved to a less-restrictive confinement for the benefit of his health.  As a result of the continued confinement on suicide watch, Plaintiff experienced the following deprivations.  For an entire year (between August 2003 and July 2004), he did not have a mattress in his cell and was therefore forced to sleep on the concrete floor.  Plaintiff was scheduled for only one shower per week, but in fact went for months at a time without receiving a shower.  He was allowed to send or receive mail only through his attorney.  Plaintiff was denied all recreation.  He was denied any cleaning supplies and was therefore unable to clean his cell.  He was not allowed to make purchases from the commissary resulting in the denial of personal hygiene products and writing materials.  Until July 2004, Plaintiff was denied all materials relating to his criminal case.  Finally, Plaintiff was prescribed psychotropic medications to deal with the mental ramifications of confinement in the suicide cell for two years.

Plaintiff states that Defendants Gulash and Hertz would not remove Plaintiff from the restrictive confinement even after a number of doctors reported that Plaintiff was no longer a danger to himself and that his mental condition was made worse by the continued restrictive confinement.

Plaintiff states that in January 2006 he was returned to the Madison County Jail on a writ, and was again placed in the stripped "suicide watch" cell.

Page 2 of  7

## LEGAL STANDARDS

To state a claim under § 1983, plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  The constitutional guarantee of due process applies to pretrial detainees' claims of unconstitutional conditions of confinement. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  *Bell* was a case of federal confinement implicating Fifth Amendment due process, but the holding has also been applied to cases involving state confinement implicating by Fourteenth Amendment due process. *Anderson v. Gutschenritter*, 836 F.2d 346, 348-49 (7th Cir.1988);  *Hines v. Sheahan*, 845 F. Supp. 1265, 1267 (N.D. Ill. 1994).

 *Bell* holds that a pretrial detainee may be detained pending trial and may be subjected "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell*, 441 U.S. at 536-37; *see also Hart v. Sheahan*, 396 F.3d 887, 891 (7th Cir. 2005).  "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"  *Id.* at 539.  Legitimate governmental objectives are not limited to ensuring the detainee's presence at trial;  they also may include interests stemming from the government's need to effectively manage the detention facility, or to maintain security and order there. *Id.* at 540.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Id.*

*Bell* requires courts to consider whether pretrial detainees' conditions of confinement claims demonstrate that "punishment" took place, thus, courts have had to look somewhere for a definition of "punishment" in this sense.  Several courts in this circuit have looked to the Eighth Amendment for that definition.  *See e.g.Hines v. Sheahan*, 845 F. Supp. 1265, 1267 (N.D. Ill. 1994) (Grady, J.); *Antonelli v. Sheahan*, 863 F. Supp. 756, 759 (N.D. Ill. 1994) (Holderman, J.);  *Chavis v. Fairman*, No. 92 C 7490, 1994 WL 55719, at *7 n.4 (N.D. Ill. Feb. 22, 1994) (Aspen, J.).  Assuming plaintiff was a pretrial detainee, however, plaintiff cannot be punished at all.  *See Lock v. Jenkins*, 641 F.2d 488, 491 n.7 (7th Cir. 1981) ("The due process clause, forbidding all punishment of pretrial detainees, is thus more inclusive in its protection than the Eighth Amendment, which would allow punishment as long as it is not cruel and unusual.")  Nonetheless, although not expressly disavowing the language in *Lock*, the Seventh Circuit has stated that "[p]unishment is punishment, and there is no reason why the term should mean two different things in the Eighth and Fourteenth Amendment contexts."  *Salazar v. City of Chicago*, 940 F.2d 233, 240 (7th Cir. 1991).  In *Salazar* and other pretrial detainee cases, the Seventh Circuit has required plaintiffs to allege deliberate indifference on the part of the corrections officials, as is required in Eighth Amendment analysis.  *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992); *Salazar*, 940 F.2d at 241; *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1093- 94 (7th Cir. 1986).  "Deliberate indifference" requires that prison officials know of and disregard an "excessive risk to inmate health or safety." *Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994).

Based on the facts stated in the complaint, Plaintiff, who was a pretrial detainee in the Madison County Jail, has sufficiently alleged that the conditions to which he was exposed for two years on "suicide watch" amounted to punishment.  He has also sufficiently alleged that Defendants

Gulash and Hertz acted with deliberate indifference to Plaintiff's health and safety. Accordingly, Plaintiff may proceed against these two defendants on his due process claims.

A word about Defendant Madison County Jail is in order, however. Municipal entities cannot be held vicariously liable for the acts of their employees under Section 1983 on a respondeat superior theory. *See Auriemma v. Rice*, 957 F.2d 397, 399 (7th Cir.1992) (*citing Monell v. New York Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). In order to obtain section 1983 relief against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Id.* at 691. Plaintiff has made no such allegations against the Madison County Jail. As such, the Madison County Jail is **DISMISSED** as a defendant from the action.

### DISPOSITION

Plaintiff may proceed on the due process claims outlined above against Defendants Gulash and Hertz. Defendant Madison County Jail is **DISMISSED** from the action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Gulash and Hertz*. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Gulash and Hertz* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is

mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Madison County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff  is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for

consideration by this Court.  He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to

defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not

been filed with the Clerk or which fails to include a certificate of service will be disregarded by the

Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate

Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties*

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed

of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:  August 16, 2007**


/s/    David   RHerndon
**DISTRICT JUDGE**