IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMES E. MILLER, JR.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **07-154-DRH** |
| | ) | |
| **MADISON COUNTY JAIL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Plaintiff James E. Miller, Jr., proceeding pro se, brought the above-captioned civil rights complaint pursuant to 42 U.S.C. § 1983. **(Doc. 1).** Plaintiff alleges that, while he was a pretrial detainee in the Madison County Jail, he was held for a year under restrictive conditions, on a "suicide watch," even though a doctor and social worker had declared that plaintiff was no longer suicidal. Plaintiff further contends that upon his return to the Madison County Jail on a writ, he was again placed on "suicide watch" for six days, based on his suicide attempt several years earlier. The Court previously construed the complaint as asserting a Fourteenth Amendment claim that the conditions of his confinement amounted to punishment. **(Doc. 8).**

Before the Court is defendants Sheriff Robert Hertz and Joe Gulash's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. **(Doc. 18).** The defendants argue that: (1) there is no allegation that defendant Sheriff Hertz was personally involved; (2) there are no allegations that either defendant acted with deliberate

1

indifference; and (3) the defendants are both entitled to qualified immunity. **(*See* Docs. 18 and 19).** In his response, plaintiff relies heavily on the standard for dismissal under Rule 12(b)(6) and the Court's prior order recognizing a cognizable claim. **(Doc. 25).**

When considering a motion for dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a court must accept as true all factual allegations in a complaint and draw all reasonable inferences in a plaintiff's favor. *See Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.,* **167 F.3d 1170, 1173 (7th Cir. 1999).** The Supreme Court recently stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

***Bell Atlantic v. Twombly*, \_\_ U.S. \_\_, 127 S.Ct. 1955, 1964-1965 (May 21, 2007) (internal citations and parenthetical information omitted).** It must also be kept in mind that pro se complaints are held to a less stringent standard than those drafted by attorneys, and are therefore more liberally construed. *Alvarado v. Litscher,* **267 F.3d 648, 651 (7th Cir. 2001).**

The Court previously reviewed the complaint in accordance with 28 U.S.C. § 1915A, seeking to ensure plaintiff had not failed to state a claim upon which relief could be granted, and that none of the claims were frivolous or malicious. **(Doc. 8).** The Court perceived a viable constitutional claim, based on the notion that pretrial detainees cannot be "punished," the adverse conditions enumerated by plaintiff, and the allegation that, despite a doctor and social worker concluding plaintiff was not a suicide risk, the defendants insisted on imposing restrictive

conditions upon plaintiff.

It is worth reiterating the longstanding precedents that pretrial detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." ***Youngberg v. Romeo,* 457 U.S. 307, 321-22 (1982); see also Zarnes v. Rhodes, 64 F.3d 285, 289 (7th Cir. 1995).** However, certain restrictions may still be placed on the rights of pretrial detainees because government officials have legitimate interests in managing the facility where an individual is detained. As long as these measures are reasonably related to the effective management of the confinement facility, they are not considered punishment for a crime the detainee is suspected of committing. ***Rapier v. Harris,* 172 F.3d 999, 1002-03 (7th Cir.1999).**

The defendants appear to misunderstand the nature of plaintiff's claim. They focus on the "suicide watch" label and make the specious argument that the defendants were merely trying to save plaintiff from himself. Plaintiff alleges he: did not have a mattress; went for months at a time without a shower; could only send and receive mail through his attorney; was denied all recreation; was denied cleaning supplies; could not purchase personal hygiene products; and was prescribed psychotropic drugs. While the full story remains to be seen, similar conditions have been found to present a triable issue. **See *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (filthy cell and dirty bedding); and *Janison-Bey v. Thieret*, 867 F.2d 1046, 1046-1047 (7th Cir. 1989) (111 days in segregation; denial of monthly allowance or equivalent in hygiene products; no cleaning supplies; no exercise privileges; and restrictions on visitors).** Moreover, if the "suicide watch" status was not warranted, a deliberate intent to punish could be inferred.

3

Thus, plaintiff satisfied the notice pleading standard and *Bell Atlantic v. Twombly* and the defendants' Rule 12(b)(6) motion to dismiss should be denied. Furthermore, although qualified immunity shields officers from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" **(*Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982))**, the aforementioned precedents clearly establish the legal underpinnings of plaintiff's case.

## Recommendation

For the aforestated reasons, this Court recommends that defendants Hertz and Gulash's motion to dismiss (Doc. 18) be denied and plaintiff's claim(s) be permitted to proceed.

**DATED: July 23, 2008**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **August 8, 2008**.