IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS


| | |
|---|---|
| JAMES E. MILLER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv–154-DRH |
| | ) |
| ROBERT HERTZ, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff originally filed his motion to proceed *in forma pauperis* on appeal directly with the Seventh Circuit Court of Appeals. The Seventh Circuit transferred it to this Court. *See* (Doc. 50). In its Order, the Seventh Circuit directed Plaintiff to submit to this Court his inmate account statements for the 6 months immediately proceeding the filing of the notice of appeal. *Id*.

Plaintiff never sent this Court the account statements as directed by the Seventh Circuit. Accordingly, this Court denied Plaintiff's motion for leave to proceed *in forma pauperis* without prejudice to him re-submitting it with the proper account statements attached. *See* (Doc. 53).

Plaintiff then filed a "motion to renew" his *in forma pauperis* motion on appeal (Doc. 54) essentially insisting that we use his 2007 account statements for his *in forma pauperis* on appeal motion. This Court denied the motion to renew informing Plaintiff that he had to file his *current*

(i.e., 2009-10) account statements with this Court. *See* (Doc. 55).

Instead of sending this Court his account statements, Plaintiff apparently sought leave to proceed *in forma pauperis* on appeal directly from the Seventh Circuit.

The Seventh Circuit granted Plaintiff's motion to proceed *in forma pauperis* on appeal and directed this Court to calculate an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1). *See* (Doc. 61).

The Seventh Circuit's instructions brings us back to the recurring problem this Court has faced in ruling on Plaintiff's motion to proceed *in forma pauperis* on appeal: Plaintiff has not submitted to this Court the proper account statements from which (a) to determine his *pauper* status; and (b) from which to calculate the initial filing fee as directed by § 1915(b)(1), if he is a *pauper*. Lacking the proper account statements, this Court is also unable to comply with the Seventh Circuit's instructions to calculate and assess an initial partial filing fee for the appellate filing fees.

Despite Plaintiff previously ignoring the Seventh Circuit's direction to send us the account statements (Doc. 50) and twice ignoring our prior instructions to send the proper account statements (Docs. 53 and 55), and, therefore, failing to comply with the requirements of 28 U.S..C. § 1915(a)(2), this Court shall endeavor yet again to obtain the proper account statements from Plaintiff.

**IT IS HEREBY ORDERED IT IS HEREBY ORDERED** that Plaintiff shall submit, within **FIFTEEN (15) DAYS** of the date of the entry of this order, a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the notice of appeal. Based on the history outlined heretofore, the Court is certainly within its

authority to find the Plaintiff in contempt of court for failing to comply with the Court's orders. It is abundantly clear that the Plaintiff has deliberately ignored this Court's orders in the past. One option available to this Court is to find the Plaintiff in contempt, order a civil fine against the Plaintiff, order the institution which houses the Plaintiff to withhold said fine from his commissary account in increments for months in the future until paid.  That fine and payment, of course, would be separate and apart, an additional payment, to the filing fee that will have to paid and which is the subject matter of this order.  Plaintiff is well advised to comply with this order to avoid a possible contempt finding, order and requirement to pay a fine.

Plaintiff is further **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court.

**IT IS SO ORDERED.**

**DATED:** June 7, 2010

/s/    DavidRHerndon
**DISTRICT JUDGE**