IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. MILLER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 07-cv–154-DRH |
| ) | |
| ROBERT HERTZ, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER TO SHOW CAUSE**

**HERNDON, Chief Judge:**

Plaintiff initially filed his motion to proceed *in forma pauperis* on appeal directly with the Seventh Circuit Court of Appeals. The Seventh Circuit transferred it to this Court. *See* (Doc. 50). In its Order, the Seventh Circuit directed Plaintiff to submit to this Court his inmate account statements for the sim months immediately proceeding the filing of the notice of appeal. *Id*.

Plaintiff never sent this Court the account statements as directed by the Seventh Circuit. Accordingly, this Court denied Plaintiff's motion for leave to proceed *in forma pauperis* without prejudice to him re-submitting it with the proper account statements attached. *See* (Doc. 53).

Plaintiff then filed a "motion to renew" his *in forma pauperis* motion on appeal (Doc. 54) essentially insisting that we use his 2007 account statements for his *in forma pauperis* on appeal motion. This Court denied the motion to renew informing Plaintiff that he had to file his *current* (i.e., 2009-10) account statements with this Court. *See* (Doc. 55).

1

Instead of sending this Court his account statements, Plaintiff apparently sought leave to proceed *in forma pauperis* on appeal directly from the Seventh Circuit.

The Seventh Circuit granted Plaintiff's motion to proceed *in forma pauperis* on appeal and directed this Court to calculate an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1). *See* (Doc. 61).

The Seventh Circuit's instructions brought the Court back to the recurring problem it has faced in ruling on Plaintiff's motion to proceed *in forma pauperis* on appeal: Plaintiff has not submitted to this Court the proper account statements from which (a) to determine his *pauper* status; and (b) from which to calculate the initial filing fee as directed by § 1915(b)(1), if he is a *pauper*. Lacking the proper account statements, this Court is also unable to comply with the Seventh Circuit's instructions to calculate and assess an initial partial filing fee for the appellate filing fees.

Despite Plaintiff previously ignoring the Seventh Circuit's direction to send us the account statements (Doc. 50) and twice ignoring our prior instructions to send the proper account statements (Docs. 53 and 55), and, therefore, failing to comply with the requirements of 28 U.S..C. § 1915(a)(2), this Court endeavored yet again to obtain the proper account statements from Plaintiff.

Specifically, on June 7, 2010, this Court issued an Order (Doc.62) directing Plaintiff to "submit . . . a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the notice of appeal." *See* (Doc. 62). Plaintiff's notice of appeal (Doc. 48) was filed on January 13, 2010. Therefore, Plaintiff was required by this Court's Order to submit "a certified copy of his inmate trust fund account statement" for the six-

month period **July 13, 2009 to January 13, 2010.**[1]  Plaintiff was warned that if he failed to comply with this Court's Order (Doc. 62) he could be held in contempt and a civil fine imposed upon him.  *See* (Doc. 62).

Instead of filing a certified copy of his inmate trust fund account statement for the six-month period July 13, 2009 to January 13, 2010, Plaintiff submitted an account statement for the six-month period December 1, 2009 to June 7, 2010.  *See* (Doc. 64).  Plaintiff's failure to file the proper account statement places him in contempt of Court.  Furthermore, because Plaintiff did not file the proper account statement,  this Court is still unable to calculate the proper initial partial filing fee as directed by the Seventh Circuit Court of Appeals.

**IT IS HEREBY ORDERED**  that, no later than July 15, 2010, Plaintiff shall **SHOW CAUSE** why he should not be held in contempt for failing to file a certified copy of his inmate trust fund account statement for the six-month period July 13, 2009 to January 13, 2010 as previously directed by this Court's prior Order (Doc. 62).

**IT IS FURTHER ORDERED** that Plaintiff may purge himself of his contempt by filing, no later than July 15, 2010, a certified copy of his inmate trust fund account statement for the six-month period July 13, 2009 to January 13, 2010.

Plaintiff is further **ADVISED** that in the event he has been transferred among institutions during this six-month period (i.e., July 13, 2009 to January 13, 2010), it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time (Doc. 63)

---

[1]This same requirement is imposed by 28 U.S.C. § 1915(a)(2).

is **DENIED** as moot.

**IT IS SO ORDERED**.

**DATED:** June 30, 2010.

/s/   DavidRHerndon
**DISTRICT JUDGE**
